Filed 6/21/16  In re Q.P. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re Q.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>Q.P.,<br><br>        Defendant and Appellant. | F072755<br><br>(Super. Ct. No. 513527)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Valli K. Israels, Judge.

R. Randall Riccardo, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Kane, Acting P.J., Detjen, J. and Smith, J.

The court continued appellant Q.P. a ward of the court after he admitted allegations charging him with assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a))[1] and misdemeanor vandalism (§ 594, subd. (a)(2)). Following independent review of the record pursuant to *People v. Wende* (1975) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On February 6, 2015, appellant and another juvenile shot a BB gun at the apartment where Benjamin Bowerman lived. Bowerman and his brother, Jeffrey Bowerman (Jeffrey), went looking for the culprits and encountered appellant and another juvenile, Jonathan R. When the Bowermans attempted to detain them, an altercation ensued during which Bowerman fell onto appellant. Appellant then shot Bowerman in the chin with a BB gun. As appellant and his companion fled, he continued to shoot at Bowerman and his companion shot at Jeffrey, striking him several times. Appellant was arrested at his home later that day.

On February 10, 2015, the district attorney filed a petition charging appellant with assault by means of force likely to cause great bodily injury (count I) and vandalism (count II).

On February 10, 2015, the court found that appellant was not eligible for deferred entry of judgment.

On June 5, 2015, appellant admitted the petition's allegations.

On August 31, 2015, the court aggregated time for a prior petition, set appellant's maximum term of confinement at 56 months and committed him to the Department of Corrections and Rehabilitation, Division of Juvenile Justice.

Appellant's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

record.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Appellant has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

### **<u>DISPOSITION</u>**

The judgment is affirmed.